UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
JEFF COHEN, d/b/a Blue Engine Solutions Team,

                                                      Plaintiff,        13-CV-08280 (VEC)

                        -against-

VERSATILE STUDIOS, INC., DOES 1-10,

                                                 Defendants.
------------------------------------------------------------ X

**OPINION AND ORDER**

VALERIE CAPRONI, District Judge:

      Versatile Studios, Inc., hired Jeff Cohen to develop a database application. Cohen now seeks, *inter alia*, a declaratory judgment that he owns the copyright to the programming code used to create that database ("the code"). Versatile disclaims any interest in the database created by Cohen or its software code. That being the case, even though there is subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, there is no "case or controversy" for the purposes of Article III of the United States Constitution. Defendants' motion to dismiss is therefore GRANTED. Defendants' motion for costs is, however, DENIED.

**BACKGROUND**

      In early 2012, Cohen agreed to develop a database for One Drop, Inc., a non-party to these proceedings but a close affiliate of Versatile. Compl. ¶ 6. Nearly one year later, Cohen agreed to develop a similar database for Versatile for approximately $11,000. *Id.* ¶ 8. In May 2013 – three months later – Versatile asked Cohen to turn over the programmer's password, which would enable Versatile "to edit, examine, or copy the code." Lannin Decl. Ex. C. Although Versatile initially framed its request as part of a routine collection of all usernames and passwords, Versatile quickly acknowledged that it was unhappy with Cohen's work. *Id.* Cohen declined to turn over the password, instead offering to "fix bugs free of charge, with no

expiration date." *Id.* Cohen indicated that his reluctance to relinquish the password stemmed from his belief that "the architecture of the database [was his] intellectual property." *Id.*

Cohen's assertion of ownership in the intellectual property rights underlying the database set off a war of words between the parties; Versatile asserted that it owned the code because it paid Cohen to build the database, and Cohen asserted that he owned the code because the parties' contract did not specify that Versatile would own the code. Lannin Decl. Ex. C. The war of words culminated with Versatile notifying Cohen that litigation was imminent. Compl. ¶¶ 15-19.

That threat led Cohen to file the first lawsuit. Cohen's case was filed on June 7, 2013, in the United States District Court for the Central District of California, seeking (1) declaratory judgment that Cohen owns a copyright in the code, (2) declaratory judgment that Cohen's agreement with Versatile did not require Cohen to give Versatile access to the code, and (3) $8,600 that Cohen alleges is due to him under the contract. A few days later, Versatile filed suit against Cohen in state court in New York for, *inter alia,* breach of contract. In November 2013, on defendant's motion for transfer, the federal case was transferred from California to this Court. Lannin Decl. Ex. B.

Versatile immediately filed a motion to dismiss the Complaint for lack of subject matter jurisdiction. Briefing was delayed while the parties discussed the possibility of Plaintiff's dismissing the suit voluntarily, apparently predicated on the possibility that Versatile would stipulate that it does not own the code. *See, e.g.*, J. Cohen Decl. ¶ 9; *see also* Dos Santos Decl. 2 ¶¶ 29, 38. The case was not voluntarily dismissed, and Defendant now asks the Court to rule on its motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

## DISCUSSION

### I. Subject matter jurisdiction

"Determining the existence of subject matter jurisdiction is a threshold inquiry, and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks and citation omitted), *aff'd,* 561 U.S. 247 (2010). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

#### A. This case "arises under" federal copyright laws

Versatile challenges the jurisdiction of this Court to decide Cohen's claim that he owns the copyright to the code. Cohen asserts that his claim seeking a declaratory judgment as to ownership of the code "arises under" United States copyright laws such that 28 U.S.C. §§ 1331 and 1338 vest jurisdiction in this Court.[1] "The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule . . . [which] provides that federal question jurisdiction exists only when the plaintiff's own cause of action is based on federal law." *Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998). "'[I]f, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking.'" *Garanti Finansal Kiralama A.S. v. Aqua Marine and Trading, Inc.*, 697 F.3d 59, 67 (2d Cir. 2012) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 16 (1983)).

In *T.B. Harms Co. v. Eliscu*, Judge Friendly articulated a two-pronged test for determining when a claim "arises under" federal copyright laws. 339 F.2d 823, 826-27 (2d Cir. 1964); s*ee, e.g., Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V.*, 623 F.3d 61, 70 (2d Cir. 2010); *Murray Eng'g, P.C. v. Windermere Props. LLC*, No. 12-cv-0052(JPO), 2013 WL 1809637, at *2 (S.D.N.Y. Apr. 30, 2013). That test provides that, even in the context of a declaratory judgment, "a suit 'arises under' the Copyright Act if:

    (1) 'The Complaint is for a remedy expressly granted by the Act, e.g. a suit for infringement or for the statutory royalties for record reproduction;' or

---

[1] The Court does not have diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy is below the threshold and there is not complete diversity of citizenship between the parties.

(2) 'The Complaint asserts a claim requiring construction of the Act.'"
*Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 349 (2d Cir. 2000) (quoting *T.B. Harms*, 339 F.2d at 828) (alterations omitted).

Although the parties agree that the first prong does not apply, Cohen argues that his Complaint requires construction of the Copyright Act, because his claim hinges on an interpretation of the "work for hire" doctrine contained in 17 U.S.C. § 201(b). It has long been established in this Circuit "that a title dispute . . . is a traditional state court property dispute which does not necessarily confer federal copyright jurisdiction." *Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc.*, 194 F. Supp. 2d 246, 255 (S.D.N.Y. 2002). If it were otherwise, then every copyright title dispute could be brought in federal court. That said, many copyright ownership disputes clearly do arise under the Copyright Act. "For example, a dispute that turns on whether a copyrighted work was created independently or as a 'work made for hire' is an *ownership dispute* that unquestionably arises under the Copyright Act." *Scandinavian Satellite Sys., AS v. Prime TV Ltd.*, 291 F.3d 839, 845 (D.C. Cir. 2002) (emphasis retained) (citing *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730 (1989)). "[C]opyright ownership by reason of one's status as a[n author or] co-author of a joint work arises directly from the terms of the Copyright Act itself." *Merchant v. Levy*, 92 F.3d 51, 55 (2d Cir. 1996). Whether this Court has jurisdiction, then, is predicated on whether the issue as to which the plaintiff is seeking a declaratory judgment – who owns the copyright – turns on the interpretation of the parties' contract or turns on a determination of initial authorship because the contract is silent on the issue.

Cohen's Complaint makes clear only that he seeks a declaratory judgment "with respect to who owns the copyright rights . . . including the underlying programming code." Compl. ¶ 20. His Complaint is not a model of clarity as to his ownership theory; the theory was fleshed out somewhat in his brief in opposition to the Motion to Dismiss.[2] His argument appears to be that he was the author of the work and a copyright can only be transferred by operation of law or a writing. The parties agree there is no writing, leaving ownership to be decided by the Copyright Act itself. Versatile appeared to argue during the parties' pre-litigation skirmish that the code was a work for hire and therefore it owned the code; Cohen asserted that it was not a work for

---

[2] In considering a motion to dismiss for lack of subject matter jurisdiction, unlike in the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, courts "may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

hire and that he owned the code as its author.  J. Cohen Decl. Exs. 1, 2.  "Construing all ambiguities and drawing all inferences in [Cohen]'s favor," *Makarova*, 201 F.3d at 113, as the Court must do at this stage of the proceedings, the Complaint appears to reflect a dispute between the parties over whether and, if so, how, the "work for hire" doctrine applies.  *See* Compl. ¶¶ 11, 12, 15.  On that basis, the Court finds that there is subject matter jurisdiction because the case "arises under" the Copyright Act.

    **B.  There is no cognizable case or controversy**

Even though Cohen is correct that there is federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, there is currently no case or controversy to be decided.  "'[N]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'"  *Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138, 1146 (2013) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)).

The Declaratory Judgment Act permits courts to entertain jurisdiction in cases "of actual controversy," even if the sole relief sought is declaratory judgment.  28 U.S.C. § 2201(a).  The Declaratory Judgment Act's "actual controversy" requirement mandates "that we consider only whether the adversity of legal interests that exists between the parties is 'real and substantial' and 'admits of specific relief through a degree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'"  *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 95-96 (2d Cir. 2011) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)) (alterations and other internal quotation marks omitted); *see also* 28 U.S.C. § 2201(a).

Cohen argues that there is a controversy because Versatile has not formally renounced any claim to ownership of the code.  *See* Cohen Opp. at 6-7.[3]  Cohen has not asserted that Versatile has tried to use the code or has tried to prevent him from re-purposing the code for other projects.  In fact, Versatile has expressly and under oath disclaimed those purposes.  *See,*

---

[3]    Versatile has asserted complete apathy to the ownership issue.  *See, e.g.,* Dos Santos Decl. 1 ¶ 49 ("Neither One Drop, nor Versatile cares about who owns any copyright in the non-conforming database, or even if anything Mr. Cohen did is suitable for copyright registration.  Neither One Drop nor Versatile has ever asserted any claim that either has any copyrights in anything relative to this litigation."); *see also* Dos Santos Decl. 2 ¶ 29 ("I don't care who has whatever rights in whatever unspecified aspect of the database").  These assertions should preclude any future lawsuit in which Versatile might assert a claim of ownership of the copyright to the code (which it does not have access to, has never seen, and does not use).

5

*e.g.,* Dos Santos Decl. 2 ¶ 29.  Moreover, Cohen has continued to act as though he owned the copyright to the code.  This is, therefore, not a case in which "the plaintiff [] eliminated the imminent threat of harm by simply not doing what he claimed the right to do." *MedImmune*, 549 U.S. at 129.  There is no imminent threat of a lawsuit because Versatile is now professing total indifference to the code.  Cohen does not face "the choice between abandoning his rights or risking prosecution," which is the "'dilemma that it was the very purpose of the Declaratory Judgment Act to ameliorate.'" *Id.* (quoting *Abbott Laboratories v. Gardner*, 387 U.S. 136, 152 (1967)).  Regardless of this lawsuit, Cohen can exercise ownership rights unencumbered by Versatile and without fear of legal action for anything other than delivery of allegedly non-conforming goods – a suit that has already been filed in New York state court.  There is, therefore, no "actual controversy" over which this Court can exercise jurisdiction.[4]

## II.   Attorneys' Fees

Versatile moves for attorneys' fees under the fee-shifting provision of the Copyright Act, 17 U.S.C. § 505, which permits the Court "in its discretion" to allow "the prevailing party" to recover costs and attorneys' fees.[5]  Versatile asserts that this Court has jurisdiction to award such costs even though it lacks jurisdiction over the substantive case.  Versatile Br. 24 (citing *Wood v. Brosse U.S.A., Inc.*, 149 F.R.D. 44, 51 (S.D.N.Y. 1993)).  Versatile's motion for fees and costs is denied.

The question of whether to award fees is subject to the Court's considerable discretion; "'[t]here is no precise rule or formula for making these determinations.'" *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)).  In exercising this discretion, courts "consider several factors, including '(1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence.'" *16 Casa Duse,*

---

[4]   The Court notes that there are other jurisdictional barriers in this case, including the possibility that Dos Santos's sworn disavowal of any interest in the code has rendered any case or controversy that might have existed moot.  *See DeFunis v. Odegaard*, 416 U.S. 312, 318 (1974).  To the extent that Versatile might assert ownership rights in the future, that case is not ripe; as of today, there is no "actual interference" with Cohen's attempts to assert ownership rights.  *United Public Workers of America (C.I.O.) v. Mitchell*, 330 U.S. 75, 88-90 (1947).

[5]   In its entirety, 17 U.S.C. § 505 provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

*LLC v. Merkin*, No. 12-cv-3492(RJS), 2013 WL 5510770, at *16 (S.D.N.Y. Sept. 27, 2013) (quoting *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010)); *see also Fogerty*, 510 U.S. at 534 n.19.

Here, Cohen's invocation of jurisdiction, although wrong, is not entirely frivolous, nor is his motivation entirely suspect. Although the Court finds that there is no case or controversy, that determination rests in large part on the position that Versatile has taken in the litigation – which is different from the position that it took prior to the commencement of litigation – that is has no interest in the code and that Cohen may exercise his sole ownership and control over the code undisturbed. Cohen will be forgiven for his attempts to formalize Versatile's position of disinterest. On the other hand, Cohen's filing of this case appears to be procedural jousting to guard against defendant's state law claim based on the allegedly unacceptable work done by Cohen.

The third prong – whether claims are "objectively reasonable" – is the most critical in deciding whether to award fees. *See, e.g., Matthew Bender & Co., Inc. v. W. Publ'g. Co.*, 240 F.3d 116, 121-22 (2d Cir. 2001). "Objective unreasonableness is generally used to describe claims that have no legal or factual support." *16 Casa Duse*, 2013 WL 5510770, at *17 (internal quotation marks and citation omitted). Versatile has not made a showing that Cohen's assertions are objectively unreasonable other than asserting it does not care who owns the copyright.

Finally, compensation and deterrence militate against awarding costs. It is regrettable that this case has progressed to a legal determination, but both parties bear the blame. Although Cohen filed this lawsuit, Versatile declined to clarify its precise position with regards to ownership of the code in a settlement agreement. The Court believes that despite its protestations to the contrary, Versatile could have easily ended the dispute by unequivocally stipulating that it disclaims any ownership interest it might have in the non-conforming database. Instead, Versatile asserted that it could not execute the requested stipulation because, for example, Apple Inc. might have some interest in the code. Versatile could have also moved to dismiss the Complaint in the Central District of California on the exact same basis that it moved here, rather than imposing this litigation on two separate district courts for no discernable reason. That said, Cohen contributed to the situation by filing a lawsuit in California when all the parties were in New York and apparently insisting on a broad, ill-defined disclaimer of rights in exchange for his withdrawing the Complaint.

In short, there is no good reason that this case resulted in litigation. Neither party was willing or able to step back from the battle and to see the fact that is obvious to a neutral observer – the parties have no actual dispute over copyright.[6]

## CONCLUSION

For the foregoing reasons, the defendants' motion is GRANTED IN PART and the case is DISMISSED for lack of subject matter jurisdiction. The defendants' motion is DENIED IN PART insofar as it seeks costs and attorneys' fees.

**SO ORDERED.**

Date:  April 21, 2014  
       New York, NY

**VALERIE CAPRONI**  
**United States District Judge**

---

[6] The parties clearly have a dispute over money; that dispute will play out in state court.